UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22901-CIV-SEITZ
MAGISTRATE JUDGE P.A. WHITE

DALE H. CLINE,                        :

      Plaintiff,              :          REPORT OF
                              MAGISTRATE JUDGE
v.                                    :

TIMOTHY P. RYAN,                      :

      Defendant.              :
_____

I. Introduction

    The plaintiff Dale H. Cline, currently housed at the Dade County Training and Treatment Center, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding in forma pauperis.

    In his initial complaint, the plaintiff named, as the sole defendant Timothy P. Ryan, Director of Miami-Dade Department of Corrections. He alleged that he suffers from high blood pressure, and is diabetic. He claimed he does not receive the proper amount or type of food specified by his prescribed medical diet. (DE# 1). Ryan was named in his position as Director and allegations based upon the theory of respondeat superior.

    In a 12/9/09 report, the Undersigned concluded that the plaintiff could not support a claim against Ryan based solely upon the doctrine of respondeat superior. (DE# 11). However, the report recommended that Ryan remain in the suit solely for purposes of discovery. (DE# 11). Ryan subsequently filed a motion to dismiss. (DE# 21). The Undersigned issued a 3/4/10 report

recommending that his motion to dismiss be dismissed without prejudice, to renew either when the defendant provides the plaintiff with the names and addresses of the defendants responsible for the planning and execution of the medical diets or states, under penalty of perjury, that the names and addresses cannot be obtained. (DE# 22).  The District Court issued a 6/11/10 order adopting the Undersigned's 12/9/09 report (DE# 11) and 3/4/10 report (DE# 22). (DE# 37).

After Ryan provided the plaintiff with discovery responses, he filed a renewed motion to dismiss.  (DE# 34).  In a 5/13/10 report, the Undersigned recommended that his renewed motion to dismiss be granted and Ryan be dismissed from the suit. (DE# 37).

The plaintiff filed a second amended complaint. (DE# 36).  In this complaint he named Timothy Ryan, Captain Boone, Commander Debra Graham and P. Hallock.  The plaintiff alleged that he has filed multiple grievances concerning the lack of an adequate medical diet. He stated that Defendant Hallock entered in the response from Debra Graham and submitted copies to the plaintiff, after authorization from Captain Boone. He alleged that Ryan, Captain Boone and Hallock had the authority and responsibility to resolve the issue, but chose not to do anything. He further alleged that Graham is responsible for the deprivation of his adequate diet. He claimed she responded to his grievance by stating that he was supposed to receive a diabetic 2200 caloric diet. She stated that he received the correct tray items. The 2200 caloric diet is determined by medical personnel and is appropriate for the plaintiff. The diet has been approved by a registered dietician for nutritional and caloric value. The plaintiff claimed that Graham should have determined that the missing food items which were the

2

subject of the plaintiff's grievances were in fact those items on the menu prescribed for the plaintiff.

The Undersigned issued a 5/14/10 report which deemed the amended complaint operative. (DE# 38).  The report provided the following analysis when screening the operative complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

The plaintiff is essentially alleging that although he has been prescribed a diet tailored specifically for diabetics, he is not receiving the required items. He has minimally stated a claim of denial of medical treatment.

Defendants Ryan and Hallock

As stated in a previous Report, it has been recommended that Ryan's Motion to Dismiss be granted. As to Defendant Hallock, the only allegation against him is that he entered a response to the plaintiff's grievance from Debra Graham and submitted copies to the plaintiff, after authorizations from Captain Boone. This is insufficient to state a claim of denial of medical treatment and this defendant should be dismissed for failure to state a claim.

Defendants Boone and Graham

The allegations against Graham are that she was aware of the diet he was to receive as a diabetic, and had knowledge, through his grievances, he was not receiving the proper menu, as prescribed. The plaintiff further states that Graham had the authority to resolve the issue.

The plaintiff states that Captain Boone, employed at the training Center where the plaintiff is housed, submitted copies of his grievances to higher authorities, and was aware that the plaintiff was not receiving the appropriate diet. Boone also had the authority to resolve the issue, but chose to not take any action. It will be recommended that service be issued upon these two defendants.

Damages

3

The plaintiff has failed to state any specific injuries resulting from this lack of prescribed medical diet. His fear is that he will become sick and possibly suffer a stroke. The monetary relief the plaintiff seeks is not available to him. <u>See</u>: 42 U.S.C. §1997e(e). It is implicit in the complaint that the plaintiff seeks the correct diet, and that case may go forward on the claim of injunctive relief.

(DE# 38, p. 6-8).

In conclusion, the Undersigned recommended that (1) the claims against Defendants Ryan and Hallock be dismissed, for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and because it has been recommended in a prior Report that Ryan's motion to dismiss be granted.; (2) the claims of denial of medical treatment proceed against Defendants' Boone and Graham, and the second amended complaint (DE#36) is the operative complaint; and (3) the relief sought for monetary damages be dismissed, and the case proceed solely on an implicit request for injunctive relief. (DE# 38).

The District Court issued an order (DE# 44) adopting and affirming the Undersigned's 5/14/10 report (DE# 38). In addition, the court denied Ryan's renewed motion to dismiss as moot and rejected the Undersigned's 5/13/10 report (DE# 37), which consisted solely of a recommendation that Ryan's renewed motion to dismiss be granted.

Boone and Graham filed a motion to dismiss with various exhibits attached in support thereof. (DE# 55). Treating the motion as a motion for summary judgment, this court issued an order of instructions informing Cline of his right to respond to the

defendants' motion.   (DE# 57).   Cline filed a response, with supporting exhibits attached.   (DE# 61).

Two months after filing his response, Cline filed a motion for leave to amend the complaint.   (DE# 65).   This court issued an order granting the motion in part and noting that because the dates have passed to add new parties and the case is at the motion for summary judgment stage, the plaintiff could file a proposed amended complaint, with an explanation of why he his attempting to amend at this late date, and how this amended complaint relates back to his initial complaint. (DE# 66).   As a result, Cline filed a third amended complaint.   (DE# 71).

Prior to addressing the motion for summary judgment, the Undersigned will address the merits of Cline's third amended complaint.   Cline repeats the allegations contained in his second amended complaint and seeks to add Ryan as a defendant.   (DE# 71). This court previously recommended that the claim against Ryan be dismissed, for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).   (DE# 38).   Cline filed objections to this recommendation.   (DE# 42).   The District Court expressly addressed Cline's claim that he raised sufficient allegations against Ryan to state a claim for failure to provide adequate medical care.   (DE# 44).   In rejecting Cline's argument, the District Court held, "the Court will not grant plaintiff leave to replead against Ryan because plaintiff can obtain no relief against Ryan beyond what he can obtain from Graham and Boone."   (DE# 44, p. 7).   In his third amended complaint, Cline is attempting to replead against Ryan, which the District Court expressly forbade in its order. Accordingly, the Undersigned recommends denying the proposed third amended complaint.   As a result, the second amended complaint remains operative.

II.  <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."

In <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986), the Supreme Court held that summary judgment should be entered only against

> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.  (citations omitted)

Thus, pursuant to <u>Celotex</u> and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact.  This demonstration need not be accompanied by affidavits.  <u>Hoffman v. Allied Corp.</u>, 912 F.2d 1379, 1382 (11 Cir. 1990). If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the non-moving party, to come forward with

sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence.  Avirgan v. Hull, 932 F.2d 1572, 1577 (11 Cir.), cert. denied, 112 S.Ct. 913 (1992).  It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11 Cir.1990).   The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial Fed.R.Civ.P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11 Cir. 1987).  If the evidence presented by the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11 Cir. 1992).   "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11 Cir. 1990) (citing Anderson, 477 U.S. 242).

## III.  Analysis

The present proceedings involve a claim of denial of medical treatment.  The Eighth Amendment's prohibition on cruel and unusual punishments imposes a duty on prison officials to provide prisoners with "humane conditions of confinement," including adequate medical care.[1]   Farmer v. Brennan, 511 U.S. 825, 832-34 (1994).  The

---

[1] If the plaintiff was a pretrial detainee at the time of the events alleged, his claims would arise under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Eighth Amendment standard. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hamm v. DeKalb County, 774 F.2d 1567,

7

unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Farrow v. West, 320 F.3d 1235, 1242 (11 Cir. 2003). It is a prison official's deliberate indifference to an inmate's serious medical need that constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To show that a prison official acted with deliberate indifference to his serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. Farrow, 320 F.3d at 1243 (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000)). First, the plaintiff must present evidence of an objectively serious medical need which is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Id. In either situation, the medical need must be one that, if left unattended, poses a substantial risk of serious harm. Id. Second, the plaintiff must prove that the prison official acted with an attitude of deliberate indifference to that serious medical need. Id. Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11 Cir. 1999).

In this case, the defendants do not dispute that Cline has medical problems which warrant a controlled diet. The defendants argue that Cline has failed to provide sufficient evidence that they acted with deliberate indifference to his medical needs.

---

1571-74 (11 Cir.), cert. denied, 475 U.S. 1096 (1986). In any event, the standards are the same. Id.

Cline failed to provide a detailed account of the offending conduct in his complaint, but referred to the grievances he filed. The defendants attached copies of these grievances to the motion to dismiss.  On 9/15/09 through 9/17/09, Cline filed five separate grievances.  In each grievance he stated that he is on a 2200 diet under which he must be served wheat bread, but he is repeatedly served white bread or no bread at all.  (DE# 55, Ex. 1-5).  The official responses confirmed that Cline was on a prescribed diabetic 2200 calorie diet, but stated that Cline always received the correct meal according to the posted menu and that he will only receive wheat bread when listed on the posted menu for that meal. (Id.).

The defendants provided a copy of the therapeutic menu developed for Cline.  (DE# 55, Ex. 18).  Prior to implementing the menus, Graham sent a copy of these menus to Ruthe White, MS, RD/LD who wrote Graham a 11/14/08 letter stating, "I have reviewed the menus listed and verified that the nutrient and caloric levels are adequate as planned:  . . . 2200 calories, 2100 mg sodium.  The menus are approved."  (DE# 55, Ex. 19).  Contrary to Cline's complaints, he was not guaranteed wheat bread at every meal.  For example, under Tuesday of "Therapeutic Menu 1," no bread was served at breakfast, whole wheat bread was served at lunch, and white bread was served at dinner.  (DE# 55, Ex. 18).  Cline attached to his response to the motion for summary judgment, a copy of Therapeutic Menu 4. (DE# 61, p. 14).  The Sunday column included white bread at breakfast, whole wheat bread at lunch, and white bread at dinner.  (Id.).  Cline's own evidence contradicts his claim that by serving him white bread, the prison officials were failing to administer the prescribed diet.

9

Assuming that Cline's medical needs, if left unattended, posed a substantial risk of serious harm, Cline has failed to present sufficient evidence that the prison officials, Graham and Boone, acted with an attitude of deliberate indifference to that serious medical need.  Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11 Cir. 1999).  It is clear that Graham and Boone had knowledge of the risk, however, they did not disregard the risk and instead put Cline on a 2200 calorie diet, which was approved by a medical professional.  Aside from his grievances complaining about the bread, Cline has presented no evidence that the officials failed to administer the 2200 diet.  As noted above, the fact that Cline was served white bread at some meals was not evidence that prison officials abandoned the diet.  Accordingly, entry of summary judgment in favor of defendants Graham and Boone is appropriate.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(A summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

## IV.  Conclusion

It is therefore recommended that:

1.  The proposed third amended complaint (DE# 71) be denied.

2.  The motion to dismiss filed by Graham and Boone (DE# 55) be granted.

3.   The case be closed.

Objections to this Report may be filed within fourteen days following receipt.

Dated at Miami, Florida, this 17th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Dale H. Cline, Pro Se
     #09-0012299
     6950 NW 41st
     Address of Record

     Michael Brian Nadler
     Richard Charles Seavey
     Miami-Dade County Attorney's Office
     111 NW 1st Street
     Stephen P Clark Center, Suite 2810
     Miami, FL 33128