UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-22901-CIV-SEITZ /O'SULLIVAN

DALE H. CLINE,

        Plaintiff,

v.

CAPTAIN BOONE, et al.,

        Defendants.

_____/

### ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND CLOSING CASE

THIS MATTER is before the Court upon the Report and Recommendation [DE-72] ("R&R") of the Honorable Magistrate Judge Patrick A. White, recommending that this action under 42 U.S.C § 1983 be dismissed. Specifically, he recommends that the Third Amended Complaint be dismissed because Plaintiff Dale Cline ("Cline") was not granted leave to file the additional claims therein, and that summary judgment be granted on the remaining claims in the Second Amended Complaint because the undisputed evidence shows that the Defendants did not disregard Cline's serious medical needs. Having reviewed *de novo* the proposed Third Amended Complaint [DE-71], Defendants' Motion To Dismiss [DE-55], the R&R, objections thereto, the record and pertinent authority, the Court finds that Judge White's factual determinations are not clearly erroneous and he correctly applied the law to those facts. Therefore, the Court will affirm and adopt Judge White's R&R, and enter judgment in favor of the Defendants.

1. **Leave To Amend**

Judge White recommends dismissing Plaintiff's Third Amended Complaint [DE-71] and using the Second Amended Complaint as the operative complaint because the Court expressly stated in its June 14, 2010 Order [DE-44] that Plaintiff did not have leave to replead against Timothy

Ryan, the Director of the Miami-Dade Department of Corrections. The Court denied leave to replead "because Plaintiff can obtain no relief against Ryan beyond what he can obtain from [Defendants] Graham and Boone." Cline objects that his proposed Third Amended Complaint alleges "several undisclosed material issues" demonstrating the violation of his constitutional rights such that he should be allowed to replead despite the Court's previous Order.[1]

However, Cline ignores the fact that the Court precluded him from repleading against Ryan because Cline had not alleged a physical injury above a de minimus level[2] and, therefore, could only be entitled to injunctive relief. The rationale for denying leave to replead was that even if Cline ultimately could allege and prove that Ryan was personally involved in the deprivation of his constitutional rights, Cline could obtain no meaningful relief in an action against Ryan that he could not already obtain in a successful action against Defendants Debra Graham ("Graham") and Captain Boone ("Boone"). Cline's proposed Third Amended Complaint only alleges that he suffers from hypertension, extremely high blood pressure and high cholesterol and, as with his previous complaints, these allegations do not entitle him to anything other than injunctive relief. As a result, Cline's objection will be overruled and Judge White's recommendation that the Third Amended Complaint be dismissed will be affirmed and adopted.

---

[1] In addition to Timothy Ryan, the proposed Third Amended Complaint also names as Defendants Ruthe White, Dawn Ramey and Calixto Calderon, previously unnamed Defendants who Cline alleges participated in the violation of his constitutional rights by depriving him of a diet that addressed his diabetic condition.

[2] Specifically, the Court concluded, based on ample supporting authority, that Cline's allegations that he has been hungry, suffers from extremely high blood pressure and that he fears that he will become sick or suffer a stroke, did not raise allegations of physical injuries above a de minimus level. (June 14, 2010 Order at 4-5). Because a plaintiff in a § 1983 action cannot seek damages for mental or emotional injury without a commensurate showing of a physical injury that is greater than de minimus, *see Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002), the Court agreed with Judge White's conclusion that Cline should only be able to seek injunctive relief. (*Id.*).

2. **Summary Judgment**

Judge White also recommends granting summary judgment in favor of the remaining Defendants, Graham and Boone, concluding that the Defendants' exhibits, including copies of the therapeutic menus developed for Cline and a dietician's letter approving the menus, proved that prison officials did not deviate from Cline's prescribed diabetic 2200 calorie diet when they gave him white bread or no bread for some of his meals.[3] Cline objects to the conclusion that the evidence demonstrates an absence of deliberate indifference, claiming that it shows Defendants "signed off on an erroneous dietary menu" [DE-73, Objections at page 8] and did nothing to correct the errors on the menu, despite being notified of those errors. He also objects to the entry of summary judgment before the completion of discovery, and claims that Defendants have failed to respond to his discovery requests.

Cline's first objection that he was prescribed with an erroneous menu not only marks a deviation from his initial claim that prison officials failed to comply with a properly prescribed menu[4], but asserts a claim concerning the appropriateness of the prescribed menu that would require the Court to second-guess the judgment of the dietician who approved it. Where an inmate receives adequate medical care, but desires different modes of treatment, the care provided does not amount to deliberate indifference. *See Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris v.*

---

[3] Graham and Boone filed a Motion To Dismiss the Second Amended Complaint with various exhibits not attached to the Second Amended Complaint. Pursuant to Fed. R. Civ. P. 12(d), Judge White treated the Motion as a motion for summary judgment and sent Cline an Order Instructing Pro Se Plaintiff Concerning Response To Motion For Summary Judgment [DE-57].

[4] Cline's Second Amended Complaint alleges that he "has been denied/deprived of an adequate quantity and quality of food, medically prescribed and reviewed by a registered dietician for nutritional and caloric value." (DE-36 at page 5). Judge White's factual findings and the record make clear that Cline's therapeutic menu was reviewed and approved by dietician Ruthe White. (*See* R&R at page 9; DE-55-19).

3

*Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim" for deliberate indifference. *Id.* Because Cline has proffered no evidence to demonstrate that the prescribed diet was "grossly inadequate" or that it constituted "an easier but less efficacious course of treatment," *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999), his first objection will be overruled.

Cline's second objection that the entry of summary judgment is inappropriate before the completion of discovery is also not supported by the record. A district court can enter summary judgment before the close of discovery, but can defer ruling on a motion for summary judgment if the nonmovant "shows by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The record indicates that Cline has desired the production of "all grievances filed by all inmates concerning missing items on food trays, and the Jackson Memorial Hospital ... medical records [for] Plaintiff."[5] (*See* DE-50, Plaintiff's Motion For An Order Compelling Discovery at page 6). However, there is no proof that Cline has served a document request on Defendants.[6] Even if he had, nothing in either category of documents would require deferring ruling on Defendants' Motion. Grievances filed by other inmates have no relevance as to how the Defendants administered *Cline's* diet. Hospital records

---

[5] Cline specifically desired from Jackson Memorial Hospital "bodily weight records to clearly show a physical injury occurring during the documented deprivation of his 2200 calorie prescribed diet. The plaintiff was continually losing weight." (DE-45 at page 3).

[6] Plaintiff was required to properly serve document requests upon the Defendants to obtain the documents he desires because, pursuant Fed. R. Civ. P. 26(a)(1)(B)(iv), this is an action in which the parties are not subject to the standard requirements for initial disclosures. On June 16, 2010, Judge White entered an Order [DE-46] denying Cline's Motion To Memorialize Service of Demand For Discovery and instructing Cline send all discovery requests directly to the Defendants. On November 8, 2010, Judge White denied Cline's Motion To Compel discovery in a paperless Order [DE-69] because the Defendants had not received any discovery requests.

4

tracking Cline's weight loss cannot salvage his claim when the undisputed evidence shows that prison officials prescribed a diet to address Cline's diabetic condition and provided him with meals in accordance with that prescribed diet. Cline's second objection will also be overruled. Accordingly, it is hereby

ORDERED THAT

(1) Judge White's Report and Recommendation [DE-72] is AFFIRMED and ADOPTED.

(2) Defendants' Motion To Dismiss [DE-55], which in accordance with Fed. R. Civ. P. 12(d) is treated as a motion for summary judgment, is GRANTED. The Court will separately enter judgment in favor of Defendants Boone and Graham.

(3) This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 24 day of January, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Magistrate Judge White
Counsel of Record/Pro se parties